IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
<u>NORTHEASTERN DIVISION</u>

| | |
|---|---|
| **UNITED STATES OF AMERICA** ) | |
| ) | |
| v.  ) | No. |
| ) | |
| **ANGELA FAYE JENKINS,** ) | |
| *also known as "Angie Jenkins,"* ) | |
| *also known as "Angela F. Pugh,"* ) | |
| **Defendant** ) | |

<u>**PLEA AGREEMENT**</u>

The Government and Defendant **ANGELA FAYE JENKINS,** *also known as "Angie Jenkins," also known as "Angela F. Pugh,"* hereby acknowledge the following plea agreement in this case:

<u>**PLEA**</u>

The defendant agrees to (i) plead guilty to **COUNT ONE** of the Information filed in the above-numbered and -captioned matter; (ii) subject to the provisions of paragraph **XI** of this agreement, pay restitution of $87,045.41 to the Internal Revenue Service; and (iii) waive certain of her rights to direct appeal and collateral attack as outlined in paragraph **IV** of this agreement. In exchange, the United States Attorney, acting on behalf of the Government and through the undersigned

Page 1 of 17                                     Defendant's Initials 

Assistant United States Attorney, agrees to recommend the disposition specified below, subject to the conditions in paragraphs **VII** and **VIII**.

## TERMS OF THE AGREEMENT

**I.   MAXIMUM PUNISHMENT**

The defendant understands that the maximum statutory punishment that may be imposed for each count of Making and Subscribing a False Tax Return, in violation of Title 26, United States Code, Section 7206(1), as charged in **COUNT ONE** is:

a.  Imprisonment for not more than 3 years;

b.  A fine of not more than $250,000; or,

c.  Both (a) and (b);

d.  Supervised release of not more than 1 year; and

e.  A Special Assessment Fee of $100 per count.

**II.   FACTUAL BASIS FOR PLEA**

The Government is prepared to prove, at a minimum, the following facts at the trial of this case:

At all relevant times, Defendant **ANGELA FAYE JENKINS**, *also known as "Angie Jenkins," also known as "Angela F. Pugh,"* was a resident of Madison

County, Alabama. **JENKINS** was an office employee and bookkeeper for a business ("Business") located in Madison County, Alabama. In that capacity, Defendant **JENKINS** had access to the bank accounts and books and records of Business. Beginning in or before January 2010 and continuing until sometime in 2013, **JENKINS** used checks and electronic transfers to cause money in one of Business's bank accounts to be expended for her benefit – specifically to pay personal credit card bills. **JENKINS** made these expenditures without authorization from or knowledge by Business or its owner(s). **JENKINS** also manipulated Business's books and records to conceal her embezzlement.

For each of calendar/tax years 2010 through 2012 (inclusive), **JENKINS** made, subscribed, and filed a U.S. Individual Income Tax Return Form 1040 under penalties of perjury. For each of years 2010 through 2012 (inclusive), **JENKINS** willfully made material misstatements on her tax returns that resulted in her underpaying the federal income tax that she owed.

Specifically, on or about February 2, 2011, **JENKINS** falsely reported on line 43 of her Form 1040 that her total taxable income for calendar/tax year 2010 was $11,656.00. **JENKINS** made this materially false representation under the penalties of perjury, even though she then and there well knew that the total on

Page 3 of 17

Defendant's Initials ____

Line 43 failed to include the approximately $81,915.97 of taxable income she obtained in 2010 by means of embezzlement from Business. As a result of this and other material misstatements on her 2010 Form 1040, **JENKINS** has a tax due and owing of $20,361.49 for that year.

On or about February 20, 2012, **JENKINS** falsely reported on line 43 of her Form 1040 that her total taxable income for calendar/tax year 2011 was $12,518.00. **JENKINS** made this materially false representation under the penalties of perjury, even though she then and there well knew that the total on Line 43 failed to include the approximately $111,561.20 of taxable income she obtained in 2011 by means of embezzlement from Business. As a result of this and other material misstatements on her 2011 Form 1040, **JENKINS** has a tax due and owing of $29,417.68 for that year.

On or about February 19, 2013, **JENKINS** falsely reported on line 43 of her Form 1040 that her total taxable income for calendar/tax year 2012 was $15,156.00. **JENKINS** made this materially false representation under the penalties of perjury, even though she then and there well knew that the total on Line 43 failed to include the approximately $141,573.44 of taxable income she obtained in 2012 by means of embezzlement from Business. As a result of this and

Rev. of November 2009

other material misstatements on her 2012 Form 1040, **JENKINS** has a tax due and owing of $37,266.24 for that year.

For the tax years 2010 through 2014 (inclusive) **JENKINS** has a total tax due and owing of $87,045.41.

Venue for all of the offenses in the Information is proper in the Northern District of Alabama.

**The defendant hereby stipulates that the facts stated above are substantially correct and that the Court can use these facts in calculating the defendant's sentence. The defendant further acknowledges that these facts do not constitute all of the evidence of each and every act that the defendant and/or any co-conspirators may have committed.**

_____
ANGELA FAYE JENKINS

## III. RECOMMENDED SENTENCE

Subject to the limitations in paragraph **VIII** regarding subsequent conduct and pursuant to Rule 11(c)(1)(B), Fed. R. Crim. P., the Government will recommend the following disposition:

(a)   That the defendant be awarded the maximum reduction in offense level for acceptance of responsibility;

(b)  That the defendant be remanded to the custody of the Bureau of Prisons and incarcerated for a term consistent with the low end of the advisory United States Sentencing Guideline range as calculated by the Court at the time of sentencing but, in no event, will the government recommended a period of less than 12 months and 1 day in custody;

(c)  That following the said term of imprisonment, the defendant be placed on supervised release for a period of 1 year, subject to the standard conditions of supervised release as set forth in U.S.S.G. § 5D1.3, and to the following special condition(s):

(1)  The defendant shall make payments toward any ordered restitution amount under the administrative supervision of the Probation Office;

(2)  If the Court permits the defendant to pay the restitution in increments, such payments must be made in compliance with the payment schedule set by the Court;

Defendant's Initials

 (3) The defendant shall not establish any new lines of credit without permission from the United States Probation Office or the Court;

 (4) The defendant shall participate in full time education or employment under the administrative supervision of the United States Probation Office;

 (5) Due to the nature of the convictions in this case, the defendant shall not work in any job that allows her access to financial accounts of other individuals or entities; and

 (6) The defendant shall cooperate with the IRS in assessing and collecting all federal income tax due and owing by her, including civil penalties and interest. Such cooperation shall include, but not be limited to, filing corrected returns for Tax Years 2010 through 2012 (inclusive);

(d) That the defendant be required to pay a fine in accordance with the sentencing guidelines, said amount due and owing as of the date sentence is pronounced, with any outstanding balance to be paid in full by the expiration of the term of supervised release;

Defendant's Initials _____

(e) Subject to the provisions of paragraph **XI** of this agreement, that the defendant be required to pay restitution in the total amount of $87,045.41 to the Internal Revenue Service for Tax Years 2010 through 2012 (inclusive). To ensure that Defendant **JENKINS** gets proper credit with the IRS for restitution payments, the Government requests that the restitution order include the following breakdown of restitution amounts by year:

| | |
|---|---|
| Tax Year 2010 | $20,361.49 |
| Tax Year 2011 | $29,417.68 |
| Tax Year 2012 | $37,266.24. |

***JENKINS should include her legal name and Social Security Number on each payment.***

(f) That the defendant pay a special assessment fee of $100, said amount due and owing as of the date sentence is pronounced.

IV. <u>**WAIVER OF RIGHT TO APPEAL AND POST-CONVICTION RELIEF**</u>

**In consideration of the recommended disposition of this case, I, ANGELA FAYE JENKINS, hereby waive and give up my right to appeal my conviction and/or sentence in this case, as well as any fines, restitution, and forfeiture orders, the Court might impose. Further, I waive and give up the**

right to challenge my conviction and/or sentence, any fines, restitution, forfeiture orders imposed or the manner in which my conviction and/or sentence, any fines, restitution, and forfeiture orders were determined in any post-conviction proceeding, including, but not limited to, a motion brought under 28 U.S.C. § 2255.

The defendant reserves the right to contest in an appeal or post-conviction proceeding any of the following:

(a)   Any sentence imposed in excess of the applicable statutory maximum sentence(s);

(b)   Any sentence imposed in excess of the guideline sentencing range determined by the Court at the time sentence is imposed; and

(c)   Claims of ineffective assistance of counsel.

The defendant acknowledges that, before giving up these rights, the defendant discussed the Federal Sentencing Guidelines and their application to the defendant's case with the defendant's attorney, who explained them to the defendant's satisfaction. The defendant further acknowledges and understands that the Government retains its right to appeal where authorized by statute.

I, ANGELA FAYE JENKINS, hereby place my signature on the line directly below to signify that I fully understand the foregoing paragraphs, and that I am knowingly and voluntarily entering into this waiver.

*/s/ Angela Faye Jenkins*
ANGELA FAYE JENKINS

## V. UNITED STATES SENTENCING GUIDELINES

Defendant's counsel has explained to the defendant that, in light of the United States Supreme Court's decision in United States v. Booker, the federal sentencing guidelines are **advisory** in nature. Sentencing is in the Court's discretion and is no longer required to be within the guideline range. The defendant agrees that, pursuant to this agreement, the Court may use facts it finds by a preponderance of the evidence to reach an advisory guideline range, and the defendant explicitly waives any right to have those facts found by a jury beyond a reasonable doubt.

## VI. AGREEMENT NOT BINDING ON COURT

The defendant fully and completely understands and agrees that it is the Court's duty to impose sentence upon the defendant and that any sentence recommended by the Government is **NOT BINDING UPON THE COURT,** and that the Court is not required to accept the Government's recommendation.

Further, the defendant understands that if the Court does not accept the Government's recommendation, the defendant does not have the right to withdraw the guilty plea.

## VII. VOIDING OF AGREEMENT

The defendant understands that, should the defendant move the Court to accept the defendant's plea of guilty in accordance with, or pursuant to, the provisions of North Carolina v. Alford, 400 U.S. 25 (1970), or tender a plea of *nolo contendere* to the charges, this agreement will become NULL and VOID. In that event, the Government will not be bound by any of the terms, conditions, or recommendations, express or implied, that are contained herein.

## VIII. SUBSEQUENT CONDUCT

**The defendant understands that, should the defendant violate any condition of pretrial release or violate any federal, state, or local law, or should the defendant say or do something that is inconsistent with acceptance of responsibility, the United States will no longer be bound by its obligation to make the recommendations set forth in paragraph III of the Agreement, but instead may make any recommendation deemed appropriate by the United States Attorney in her sole discretion.**

Defendant's Initials ___

Revised November 2009

## IX. OTHER DISTRICTS AND JURISDICTIONS

The defendant understands and agrees that this agreement **DOES NOT BIND** any other United States Attorney in any other district or any other state or local authority.

## X. COLLECTION OF FINANCIAL OBLIGATION

In order to facilitate the collection of financial obligations to be imposed in connection with this prosecution, the defendant agrees to fully disclose all assets in which the defendant has any interest or over which the defendant exercises control, directly or indirectly, including those held by a spouse, nominee, or other third party. The defendant also will submit promptly a completed financial statement to the United States Attorney's Office in a form that it provides and as it directs. The defendant also agrees that the defendant's financial statement and disclosures will be complete, accurate, and truthful. Finally, the defendant expressly authorizes the United States Attorney's Office to obtain a credit report on the defendant in order to evaluate the defendant's ability to satisfy any financial obligation imposed by the Court.

## XI. AGREEMENT REGARDING RELEVANT CONDUCT AND RESTITUTION

As part of the defendant's plea agreement, the defendant admits to the above facts associated with the charges and relevant conduct for any other acts. The defendant understands and agrees that the relevant conduct contained in the factual basis will be used by the Court to determine the defendant's range of punishment under the advisory sentencing guidelines. The defendant admits that all of the crimes listed in the factual basis are part of the same acts, scheme, and course of conduct. This agreement is not meant, however, to prohibit the United States Probation Office or the Court from considering any other acts and factors which may constitute or relate to relevant conduct. Additionally, if this agreement contains any provisions providing for the dismissal of any counts, the defendant agrees to pay any appropriate restitution to each of the separate and proximate victims related to those counts should there be any.

## XII. TAX, FORFEITURE AND OTHER CIVIL/ADMINISTRATIVE PROCEEDINGS

Unless otherwise specified herein, the defendant understands and acknowledges that this agreement does not apply to or in any way limit any pending or prospective proceedings related to defendant's **tax liabilities**, if any, or

Revised November 2009

to any pending or prospective **forfeiture** or other **civil** or **administrative** proceedings.

Specifically, Defendant **JENKINS** admits, agrees, and stipulates that she is liable for the civil fraud penalty under 26 U.S.C. § 6663 on the understatements of tax for the Tax Years 2010 through 2012 (inclusive).

Defendant recognizes that pleading guilty may have consequences with respect to her immigration status if she is not a citizen of the United States. Under federal law, a broad range of crimes are removable offenses, including the offense(s) to which defendant is pleading guilty. Removal and other immigration consequences are the subject of a separate proceeding, however, and defendant understands that no one, including her attorney or the district court, can predict to a certainty the effect of her conviction on her immigration status. Defendant nevertheless affirms that she wants to plead guilty regardless of any immigration consequences that her plea may entail, even if the consequence is her automatic removal from the United States.

## XIII. DEFENDANT'S UNDERSTANDING

I have read and understand the provisions of this agreement consisting of 17 pages. I have discussed the case and my constitutional and other rights with my

lawyer. I am satisfied with my lawyer's representation in this case. I understand that by pleading guilty, I will be waiving and giving up my right to continue to plead not guilty, to a trial by jury, to the assistance of counsel at that trial, to confront, cross-examine, or compel the attendance of witnesses, to present evidence in my behalf, to maintain my privilege against self-incrimination, and to the presumption of innocence. I agree to enter my plea as indicated above on the terms and conditions set forth herein.

**NO OTHER PROMISES OR REPRESENTATIONS HAVE BEEN MADE TO ME BY THE PROSECUTOR, OR BY ANYONE ELSE, NOR HAVE ANY THREATS BEEN MADE OR FORCE USED TO INDUCE ME TO PLEAD GUILTY.**

I further state that I have not had any drugs, medication, or alcohol within the past 48 hours except as stated here:

I understand that this Plea Agreement will take effect and will be binding as to the Parties **only** after all necessary signatures have been affixed hereto.

I have personally and voluntarily placed my initials on every page of this Agreement and have signed the signature line below to indicate that I have read,

understand, and approve all of the provisions of this Agreement, both individually and as a total binding agreement.

9-16-2016
DATE

_____
ANGELA FAYE JENKINS
Defendant

## XIV. COUNSEL'S ACKNOWLEDGMENT

I have discussed this case with my client in detail and have advised my client of all of my client's rights and all possible defenses. My client has conveyed to me that my client understands this Agreement and consents to all its terms. I believe the plea and disposition set forth herein are appropriate under the facts of this case and are in accord with my best judgment. I concur in the entry of the on the terms and conditions set forth herein.

9/16/16
DATE

_____
ROBIN P. ROBERTSON
Assistant Federal Public Defender
Defense Counsel

Page 16 of 17

Defendant's Initials

## XV. GOVERNMENT'S ACKNOWLEDGMENT

I have reviewed this matter and this Agreement and concur that the plea and disposition set forth herein are appropriate and are in the interests of justice.

JOYCE WHITE VANCE
United States Attorney

9/22/16
DATE

MELISSA K. ATWOOD
Assistant United States Attorney

Defendant's Initials